STATE OF CONNECTICUT *v.* JOHN WALLICK

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 25, 1968

*Joseph D. Harbaugh,* chief public defender, for the defendant.

*Cornelius J. Shea,* prosecuting attorney, for the state.

BY THE DIVISION. The defendant, age seventeen, pleaded guilty to the charge of wilful injury to private property (General Statutes § 53-126) and was sentenced to the Connecticut reformatory for an indeterminate term. Section 53-126 of the General Statutes (a misdeameanor) provides for a penalty,

for such offense, of a fine of not more than $100 or imprisonment for not more than six months, or the defendant to be both fined and imprisoned.

The record is silent as to the details of the offense, and there was no presentence investigation or report in connection with it, although the file shows such a report for a prior offense, in June of 1966, when the defendant was committed to the Connecticut reformatory for breaking and entering a gasoline station and theft therein of $54.29. At the hearing before the Division, it was stated that the arrest was made as a result of a complaint by the defendant's landlord, who claimed that the apartment occupied by the defendant and two others was damaged to the extent of $125. The defendant made restitution of $70, which he claimed covered any responsibility on his part. One of the other occupants received a ten-day suspended jail sentence on the same charge.

At the time of the arrest of the defendant for the injury to property charge, he had recently been released on parole from the reformatory after serving a period of nine months. At the time sentence was imposed, the defendant did not have the benefit or advice of counsel, as he was not represented. No mention was made to the court at the time of sentencing as to the nature and extent of the damage claimed. In fact, the court had nothing to base its judgment on other than the information itself. The events constituting the offense available before the Division prove to be more in the nature of hard usage and unsanitary housekeeping, the most serious damage being a cut in the upholstery of a divan. If these facts had been brought to the attention of the court, it seems reasonably probable that it would not have considered the sentence it imposed, as such a penalty is disproportionate to the injury sustained. When the elements of the particular offense are

analyzed, the matter is too minuscule for the invocation of corrective reformatory methods.

It is ordered that the balance of the sentence imposed by the Circuit Court be suspended.

HEALEY, BARBER and WALL, Js., participated in this decision.